## GRACE L. MUHLHEIM
### v.
## CARRIE E. FOSTER.

*Partnership—Dissolution—Balance Due Retiring Member—Recovery of —Evidence—Instructions.*

1. The withdrawal of one of several partners from a firm and his removal from the State, amounts to a dissolution of the firm.

2. In an action brought to recover certain sums alleged to have been loaned by the plaintiff to the defendant, likewise a sum alleged to have been found due the plaintiff upon final settlement and dissolution of a partnership between the parties hereto, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

3. In the case presented it is *held:* That the fact that the stock of goods was consumed by fire, did not justify a deduction from the sum agreed upon by the members of the firm upon the dissolution thereof, to be paid to the retiring member upon the sale of the same.

[Opinion filed September 11, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. F. G. COCKRELL and J. J. RAFTER, for appellant.

Messrs. JESSE M. FREELS, ALEX. FLANNIGAN and LUKE H. HITE, for appellee.

The partnership was dissolved when appellee withdrew and went away to get married August 20, 1889. A partnership, not limited as to time, may be dissolved at pleasure by either partner, and the withdrawal of one partner is a dissolution of the partnership. Blake v. Sweeting, 121 Ill. 67.

Ceasing to do business and dividing the firm assets by mutual consent, is also a dissolution of the partnership. Martin v. Stubbings, 126 Ill. 387.

And a right of action accrues on dissolution. Blake v. Sweeting, 121 Ill. 67.

In this case there was a settlement of the partnership, and the sum of $1,000 was found and agreed upon as the amount due from appellant to appellee for her interest in the partnership, and an express promise to pay it; and when there has been such settlement, a promise by one to pay the other a certain sum is binding on the promisor, and he becomes liable therefor in an action at law. Adams v. Funk, 53 Ill. 219; 2 Chitty Pl. 16 Am. Ed. p. 215, note.

GREEN, J. This suit was brought by appellee to recover from appellant specific sums, averred to have been lent and advanced the latter, viz., $800 at one time, $150 at another, $125 at another, and also $1,000, averred to be the sum found due plaintiff upon the final settlement and dissolution of a partnership between the parties, for her share and interest in the partnership stock, which sum, it is averred, defendant promised to pay plaintiff. The jury returned a verdict for plaintiff for $817. Defendant's motion for a new trial was overruled and judgment entered on the verdict. Thereupon defendant took this appeal.

The jury were warranted in finding from the evidence that plaintiff and defendant were equal partners in a millinery business, each owning one-half the stock on August 20, 1889; that plaintiff withdrew therefrom and the partnership was dissolved on that day by mutual consent; that defendant

took and retained the whole stock and agreed to pay plaintiff $1,000 for her half as soon as defendant sold the goods, which she agreed to do; that afterward on January 22, 1890, and before this suit was commenced, the stock of goods was destroyed by fire, and defendant collected $1,634, insurance thereon. These facts were sufficient to establish the right of plaintiff to maintain this suit at law to recover the amount defendant promised to pay her for her share of the stock of goods. True, the goods were not sold, but they were totally destroyed, and defendant realized $1,654 for them, one-half of which sum the jury allowed the plaintiff, and thereby reduced the amount plaintiff was entitled to recover.

On behalf of appellant it is earnestly insisted that plaintiff failed to show any of the above material facts. The record, however, does not support this view. Plaintiff testified there was a partnership and was corroborated by the testimony of several witnesses. If she was a partner, it will hardly be contended that her withdrawal from the business and removal from the State, facts also proven on behalf of plaintiff, did not dissolve the partnership, and if plaintiff's testimony is to be believed, the defendant agreed on the day of such dissolution that she would sell the stock at not less than $2,000, and send plaintiff one-half thereof as her share. The price and value of this share was thus settled and adjusted at least $1,000, which sum defendant promised to pay. It is further insisted that the jury was misdirected as to the law by the instructions given on behalf of plaintiff. The first, second and fourth are objected to because the jury were informed thereby that an *agreement of partnership* was equivalent to a partnership. In each of said instructions the language used is: " If the jury believe from the evidence *that there was an agreement of partnership between the plaintiff and defendant.*" We are at a loss to perceive how this language could misdirect or mislead. If there was an agreement of partnership between them, they by that agreement became partners. The jury could not have understood, from the language used, that an agreement to enter into a partnership in the future was meant. The same objection to plaintiff's fourth instruction is

Muhlheim v. Foster.

made; and the further objection, that by it the jury were not limited to the sum of $1,000 in assessing damages, if they believed from the evidence that an agreement of partnership was entered into between plaintiff and defendant and a settlement of the partnership business was afterward made at $1,000, to be paid for plaintiff's interest, and defendant promised to pay her that sum, but would understand they could allow plaintiff all the items of account claimed in the declaration if they found such facts. The first objection we have already held untenable, and as to the second it is quite evident from the amount of the verdict that the jury did not so understand the instruction, hence the injury apprehended did not result.

The same objection already disposed of is urged against plaintiff's instruction; and also the additional objection, that " upon the facts assumed in this instruction the jury would not have been authorized to find any other sum than that of $1,000, because the amount was either $1,000, or nothing." We think the instruction should have required the jury to find for the plaintiff a sum *not less* than $1,000, if all the facts stated in the instruction were found by them to have been proven, and the omission to do so was an error to the prejudice of plaintiff, of which defendant ought not to complain. This omission probably influenced the jury, and induced them to regard the one-half of the insurance money collected for the loss of stock, the true measure of the damages plaintiff was entitled to recover, whereas the promise was to pay $1,000; and if the jury believed from the evidence it was made as stated in the instruction, then the fact that defendant collected only $1,634 insurance could not operate to reduce the amount she was liable for, and the verdict should have been for $1,000 instead of $817. We find nothing objectionable in plaintiff's seventh instruction. The instructions for defendant were as favorable as she could of right demand, and as a series, the instructions to the jury were not calculated to mislead them to the prejudice of defendant. Finding as we do that the verdict had evidence to support it, and that no error requiring the reversal of the judgment appears, it is affirmed.

*Judgment affirmed.*